**EINBINDER & DUNN LLP**
Kenneth L. Leiby, Jr., *Of Counsel*
Michael Einbinder (*pro hac vice application forthcoming*)
159 Millburn Ave.
Millburn, NJ 07041-1850
973-564-0232
*Attorneys for Plaintiffs*

| | |
|---|---|
| SMALL TOWN PLAY CAFE LLC and, SMALL TOWN PLAY CAFE FRANCHISING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SMALLS PLAY LLC,<br><br>Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Docket No.:<br><br>**VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, MISREPRESENTATION, COMMON LAW FALSE ADVERTISING, UNFAIR COMPETITION, STATE TRADEMARK INFRINGEMENT, UNJUST ENRICHMENT, AND TORTIOUS INTERFERENCE**<br>**JURY DEMANDED** |

Plaintiffs, Small Town Play Cafe LLC ("Small Town Play") and Small Town Play Cafe Franchising LLC ("Small Franchising") (together "Plaintiffs"), each with an address of 278 North Avenue E, Westfield, NJ 07090 by and through their attorneys, Einbinder & Dunn LLP, allege for their complaint against defendant Smalls Play LLC, with an address of 340 Pompton Avenue, Cedar Grove, NJ 07009, as follows:

**NATURE OF THE ACTION**

1. This is a civil action for: preliminary and permanent injunctive relief, and monetary relief for violation of: (1) trademark infringement of a registered mark under the Lanham Act; (2) misrepresentation, false designation of origin, false advertising, and unfair competition under the Lanham Act; (3) common law false advertising and unfair competition; (4) unfair competition in violation of N.J. Stat. §56:4-1; (5) trademark infringement under N.J Stat. § 56:3-13.16; (6) unjust enrichment; (7) tortious interference with prospective economic advantage.

1

2. These claims arise from Defendant Smalls Play LLC's ("Smalls Play" or "Defendant") unauthorized use of a confusingly similar mark to Plaintiffs' federally registered word trademark, Small Town Play Café® (the "Small Town® Trademark) and State registered trademarks, Small Town Play Café ™ and Small Town™ (the "State Marks") (collectively the "Marks"). Plaintiffs bring this action to stop Defendant's continued and unlawful use of the infringing name "Smalls Play" which has caused actual confusion among consumers and is likely to continue to do so, resulting in irreparable harm to Plaintiffs' business, goodwill, and reputation.

## PARTIES

3. Small Town Play is a limited liability company with its principal place of business located at 278 North Avenue E, Westfield, New Jersey 07090.

4. Small Town Play operates a children's recreational center and café located at 278 North Avenue E, Westfield, NJ 07090 ("Small Town Westfield"), which offers open play, birthday parties, enrichment classes, and a menu of food and beverages.

5. Small Franchising is a limited liability company with its principal place of business located at 278 North Avenue E, Westfield, New Jersey 07090.

6. Small Franchising is engaged in the development and expansion of the Small Town Play Café franchise system (the "Franchise").  Small Franchising sells franchises modeled on the branding and operations of Small Town Westfield.

7. On information and belief, Smalls Play is a New Jersey Limited Liability Company with its principal place of business located at 340 Pompton Avenue, Cedar Grove, NJ 07009.

8. On information and belief, Smalls Play operates a business that is nearly identical to Small Town Westfield, i.e., an indoor play space and café that offers open play sessions,

2

enrichment classes, and birthday party packages for young children (aged six and under), alongside a menu of coffee, snacks and other refreshments.

## JURISDICTION AND VENUE

9. Jurisdiction is based on 28 U.S.C. § 1331, Plaintiffs claim under 15 U.S.C. §§ 1114 & 1125, and pendant and related state law claims, all arising from Defendant's wrongful and unlawful use of the federally registered Small Town® Trademark, and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

10. Venue is proper within this District based on 28 U.S.C. § 1391(b) and (c) because all parties transact business within this district, and this is the only District in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

## FACTS COMMON TO ALL COUNTS

### *Plaintiffs*

11. Small Town Play was formed as a limited liability company with the State of New Jersey on August 28, 2023.

12. Small Town Play began using the Marks on May 3, 2024, and has grown to become well-known in the children's recreational center and café market throughout New Jersey, particularly around Westfield and the surrounding towns and counties.

13. Small Town Play has been the subject of numerous articles in the local press and online blogs like https://www.tapinto.net, https://sharonsteelerealestate.com, https://westfieldnj.gov, https://patch.com and https://maps.roadtrippers.com.

14. Small Town Play maintains an active online presence, including a website (https://smalltownplaycafe.com), Facebook page (www.facebook.com/smalltownplaycafe/), TikTok account (@smalltownplaycafe), and Instagram account (@smalltownplaycafe).

15. Small Town Play sells a variety of food and beverage items, including coffee, tea, and other drinks, all-day breakfast, sweet treats and all-day snacks, all served in a café space designed to complement its indoor play environment.

16. Small Franchising formed its limited liability company within the State of New Jersey on April 28, 2025.

17. Small Franchising was established for the purpose of developing, licensing, and supporting multiple Small Town Play locations throughout the State of New Jersey and beyond, with the goal of expanding the brand's presence.

18. The Small Town® Trademark is owned by Small Town Play Café IP Holdings LLC ("Small Town IP Holdings"), which has granted Small Town Westfield a license to use in the Trademark in connection with the operation of its business.  Small Town IP Holding has also granted a license to Small Franchising to use the Small Town® Trademark in connection with the development and operation of the Franchise.

19. Plaintiffs are licensed to use the following United States trademark:

SMALL TOWN PLAY CAFÉ®, USPTO Registration No. 7701216 in:

(1) international class 42 for Amusement centers; Children's entertainment and amusement centers, namely, interactive play areas; Entertainment services in the nature of hosting social entertainment events; Entertainment services in the nature of production of live events for parties and special events for social entertainment purposes; Providing recreation facilities; Providing recreation facilities with toys and

games; Arranging, organizing, conducting and hosting birthday parties; Arranging, organizing, conducting, and hosting social entertainment events; Providing children's party centers for the purpose of entertaining children and celebrating birthdays; Providing recreational areas in the nature of children's play areas; Providing recreational areas in the nature of play areas for children;

(2) International class 43 for Café and restaurant services; Café services; Catering for the provision of food and beverages; Restaurant and café services; Restaurant and catering services; Restaurant services.

A copy of the foregoing trademark registration (the "Federal Registration") certificate is attached hereto as *Exhibit A*.

20. The Federal Registration set forth above is valid, unrevoked and uncancelled. The Federal Registration constitutes prima facie evidence of its validity and conclusive evidence of the Plaintiffs' exclusive right to use the Small Town® Trademark in commerce.

21. The Small Town® Trademark has been in continuous and exclusive use by Plaintiffs since its date of first use in commerce, i.e. May 3, 2024. **Plaintiffs, as licensees are authorized to use the Small Town® Trademark in connection with (1)** Children's entertainment and amusement centers, namely, interactive play areas; Entertainment services in the nature of hosting social entertainment events; Entertainment services in the nature of production of live events for parties and special events for social entertainment purposes; Providing recreation facilities; Providing recreation facilities with toys and games; Arranging, organizing, conducting and hosting birthday parties; Arranging, organizing, conducting, and hosting social entertainment events; Providing children's party centers for the purpose of entertaining children and celebrating birthdays; Providing recreational areas in the nature of children's play areas; Providing recreational

5

areas in the nature of play areas for children (collectively "Goods and Services") and of all of the goodwill associated therewith; (2) International class 43 for Café and restaurant services; Café services; Catering for the provision of food and beverages; Restaurant and café services; Restaurant and catering services; Restaurant services.

22. The Federal Registration was duly and lawfully issued, and since its date of grant has been valid and subsisting, in full force and effect, uncancelled and unrevoked.

23. Plaintiffs are also licensed to use the New Jersey state trademark registrations for the wordmarks Small Town Play Café™ and Small Town™, each in Class 41 (educational and entertainment services) and Class 43 (restaurant and café services).

24. A copy of the State Marks' Registrations (the "State Registrations") is attached hereto as *Exhibit B*.

25. The State Registrations were duly and lawfully issued, and since their date of grant have been valid and subsisting, in full force and effect, uncancelled and unrevoked.

26. Plaintiffs have promoted their Goods and Services under the Marks through traditional and non-traditional marketing and sales efforts at considerable expense.

27. Plaintiffs have spent a considerable amount of money promoting their business under the Marks. The Marks have become associated with the high-quality goods and services provided by Plaintiffs and has come to be associated in the minds of consumers as the sources of origin of the same.

28. By virtue of their high-quality Good and Service standards and the reputation achieved through such standards, Plaintiffs have been able to rise as leaders in their market and carve out a significant niche, particularly in the New Jersey children's recreation and cafe business.

29. Small Town Westfield draws customers not only from its immediate local area but also from across state lines. Plaintiffs have received reservations dates showing that guests regularly travel from New York and Pennsylvania to attend open play sessions and birthday parties.

30. Small Town Play's online presence further supports its strong brand recognition. Its Google Business profile currently displays over 153 public reviews with an average rating of 4.8 stars, reflecting a high degree of customer satisfaction and consumer trust.

31. Plaintiffs also maintain a robust social media presence. Several individual Instagram posts promoting the Small Town Play Café brand have independently received between 1 million and 2.1 million views, significantly enhancing brand visibility, search engine optimization, and consumer reach.

32. Small Franchising is actively developing and seeking to franchise and support the operation of additional franchised Small Town Play Café locations throughout New Jersey (and elsewhere) under the Marks. Maintaining the integrity and distinctiveness of the brand is essential to Small Franchising's ability to attract prospective franchisees, ensure brand consistency, and grow the Franchise system.

*Defendant's Conduct*

33. Upon information and belief, Defendant began operating its business sometime in October 2024.

34. Defendant directly competes with Plaintiffs by selling and marketing indoor open play sessions, classes, enrichment classes, music events, birthday party packages, and café services to the same demographic (children aged five and under), including snacks and beverages in the same channels of trade.

35. Plaintiffs first became aware of the existence of Defendant on or around October 20, 2024.

36. Defendant's use of the terms 'Smalls" or "Smalls Play" in connection with its business is confusingly similar to Plaintiffs' Marks.

37. Plaintiffs have received actual reports of consumer confusion caused by Defendant's use of the "Smalls Play" or "Smalls" names. On one occasion, a family arrived at Small Town Westfield, for a child's birthday party, having completed the online waiver through Plaintiff's website and mistakenly believing that the party was being hosted at Plaintiff's facility. After checking in and discovering the error, the family showed Small Town Westfield's staff the party invitation, which confirmed that the event was in fact being held at Defendant's location in Cedar Grove, New Jersey. The family expressed frustration at the confusion and distress caused by the mix-up, which resulted in significant inconvenience.

38. In another instance, a customer arrived at Small Town Westfield under the mistaken belief that she had made and paid for a reservation through Plaintiff's website. The customer and child purchased admission and began to use the play area but later realized, after speaking with a friend and reviewing her confirmation, realized that the reservation had been made with Defendant. She requested a refund. This confusion again stemmed from the similarity in the parties' business names and overlapping services.

39. The foregoing is clear evidence of consumer confusion as to an affiliation between Plaintiffs and Defendant.

40. Small Town Play has a direct and immediate interest in preventing consumer confusion arising from Defendant's use of a confusingly similar name, as it operates Small Town Westfield, where the instances of confusion occurred. Misidentification of Defendant's business

as affiliated with or operated by Small Town Play has disrupted customer experiences, diverted business, and harmed the goodwill and reputation associated with its operations.

41. Small Franchising also has a strong interest in protecting the Marks from consumer confusion, as it is actively developing and expanding the franchise system. Unauthorized use of a confusingly similar mark undermines Small Franchising's ability to establish a consistent brand identity, creates reputational risk for future franchisees, threatens the overall value and integrity of the Franchise and impedes its ability to sell new franchise units.

42. On or about March 19, 2025, Plaintiffs' counsel sent a cease-and-desist letter to Defendant, demanding that it immediately stop using the "Smalls Play" name and any colorable variations of the Marks thereof.

43. On or about April 7, 2025, Defendant responded but refused to cease use of the infringing terms.

44. After an exchange of correspondence, Defendant's counsel requested a call to discuss this matter. Plaintiffs' counsel followed up but has not received any further communication from Defendant or its counsel.

45. Defendant continues to use the "Smalls Play" and "Smalls" names in commerce, despite notice of the Marks and the resulting actual consumer confusion.

<b><u>FIRST CLAIM FOR RELIEF</u></b>
<b>Infringement of a Registered Trademark Under Section 32(a) of the Lanham Act, U.S.C. § 1114(1)(a) Against Defendant</b>

46. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

47. Defendant's use of highly similar terms to Small Town® Trademark, or any colorable imitation thereof, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

48. Defendant knowingly and willfully used and continues to use highly similar terms to the Small Town® Trademark despite its knowledge of Plaintiff's prior rights thereto. For example, see below a screenshot of Defendant's website:



49. Defendant's use of a highly similar terms in its advertising and promotions has caused and is likely to cause confusion with the Small Town® Trademark. And as described above, Plaintiffs have received notification of actual confusion from multiple consumers regarding Defendant's use of the confusingly similar term.

50. Plaintiffs have been damaged and will continue to be damaged by Defendant's unauthorized use of confusingly similar names and terms to the Small Town® Trademark, which injury consists of, without limitation, monetary loss and irreparable injury to Plaintiff's goodwill.

51. Plaintiffs are informed and believe, and on that basis allege, that Defendant's infringement and commercial use confusingly similar terms and names to the Small Town®

Trademark is ongoing and will continue unless enjoined by this Court. See Defendant's use of "SMALLS" on its website above.

52. There is no plain, speedy or adequate remedy at law, and unless Defendant is enjoined from any further use the Small Town® Trademark, including the terms "Smalls" and "Play" or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to the Small Town® Trademark, Plaintiffs will be irreparably harmed.

53. As a result, Plaintiffs have suffered, and continue to suffer, irreparable injury and are entitled to a permanent injunction and have incurred and are entitled to recover monetary damages in an amount to be determined at trial, as well as attorney's fees and costs of the action and exemplary damages for Defendant's willful acts.

### SECOND CLAIM FOR RELIEF
**Misrepresentation, False Designation of Origin, False Advertising, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) Against Defendant**

54. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

55. The Small Town® Trademark is specifically known for its goods and services and has achieved substantial goodwill, recognition and reputation in the marketplace.

56. Defendant's unauthorized use of a colorable, similar variations thereof constitutes use in commerce of a word, term, name, symbol, or device or a combination thereof, constituting misrepresentation, false designation of origin, false advertising, and unfair competition that has already and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Plaintiffs and Defendant, and further is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Plaintiffs of Defendant's use of the Small

Town® Trademark. These acts by the Defendant constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendant knowingly and willfully used and continues to use a substantially similar terms/names to the Small Town® Trademark, despite its knowledge that Plaintiffs own and thereby control the lawful use of such mark and in defiance of a cease-and-desist letter sent by Plaintiffs.

58. Defendant has solicited business using substantially similar terms/names to the Small Town® Trademark, thereby taking unauthorized advantage of Plaintiff's goodwill and trademark rights.

59. Defendant's improper use is material because it causes or tends to cause the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiffs when they are not.

60. Plaintiffs are, and will continue to be, damaged by Defendant's unlawful use, which injury consists of, without limitation, monetary loss, irreparable injury and erosion of the distinctiveness and goodwill that adheres to the Small Town® Trademark.

61. By virtue of these acts by the Defendant, Plaintiffs have suffered, and will continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court from using the Small Town® Trademark or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive in relation to the Small Town® Trademark.

62. As a result, Plaintiffs have suffered, and continue to suffer, irreparable injury and are entitled to a permanent injunction and have incurred and are entitled to recover monetary damages in an amount to be determined at trial as well as attorney's fees, costs of the action and exemplary damages for Defendant's willful bad acts.

## THIRD CLAIM FOR RELIEF
**Common Law False Advertising and Unfair Competition**

63.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

64.     Defendant has used and continues to use the names "Smalls Play" and "Smalls" in commerce, despite knowledge of the Registrations and despite clear evidence of resulting consumer confusion.

65.     Defendant's use of a name that is confusingly similar to Plaintiffs' mark in connection with nearly identical services constitutes a misrepresentation that has caused and is likely to continue causing confusion, mistakes, and deception as to the affiliation, connection, or sponsorship between Plaintiffs and Defendant.

66.     Defendant's actions have the effect of conveying a false association or endorsement by Plaintiffs, particularly in the eyes of consumers searching for indoor play cafés online or reviewing invitations and social media links.

67.     Defendant knew or should have known, that its use of "Smalls" or "Smalls Play" in this context was likely to mislead or confuse consumers and to cause them to wrongly associate Defendant's services with those of Plaintiffs.

68.     Defendant's conduct has in fact deceived multiple consumers, leading families to arrive at Small Town Westfield believing they had made reservations or received invitations to events held by Defendant.

69.     Defendant's deception is material because it causes or tends to cause the consuming public to wrongfully believe that Defendant is affiliated, connected, or sponsored by Plaintiffs when it is not.

70.     Through its advertising and store signage, Defendant has caused its false statements to enter interstate commerce.

71. Defendant's false advertising violates the common law of the State of New Jersey.

72. As a result, Plaintiffs have suffered, and continue to suffer, irreparable injury and are entitled to a permanent injunction and have incurred and are entitled to recover monetary damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition Under N.J. Stat. § 56:4-1

73. Plaintiffs incorporate the preceding paragraphs as if fully set forth here.

74. Plaintiffs have built up valuable goodwill in their names and logos.

75. Through the above-described acts, Defendant has willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including the bad faith usage of the Plaintiffs' name and goodwill.

76. These continuing practices are anti-competitive, commercially immoral, and unethical and have caused and threaten to cause substantial additional injury to Plaintiffs. As a result of such violations, Defendant has gained and will continue to gain unjust profits and undeserved goodwill.

77. Defendant knew that the repetitive and continuous use of Plaintiffs' name and confusingly similar names and terms to Plaintiffs' State Marks on its products and store signage had misled and will continue to mislead the public into assuming a connection between Plaintiffs and Defendant and were put on notice of their misdeeds by Plaintiffs' cease and desist letter.

78. The acts of Defendant have been and continue to be in bad faith and conscience and in deliberate disregard of Plaintiffs' rights.

79. The acts of Defendant have been and continue to be performed with the intention of depriving the Plaintiffs of rightful moneys.

80. Plaintiffs have suffered and continue to suffer irreparable harm as a result of Defendant's action. Plaintiffs will continue to be harmed unless Defendant is enjoined from engaging in unfair competition.

81. As a result, Plaintiffs have suffered, and continue to suffer, irreparable injury and are entitled to a permanent injunction and have incurred and are entitled to recover monetary damages in an amount to be determined at trial, as well as punitive damages, attorney's fees and costs of the action to deter future misconduct.

**FIFTH CLAIM FOR RELIEF**
**Infringement of a State-Registered Trademark Under N.J Stat. § 56:3 13.16**

82. Plaintiffs incorporate the preceding paragraphs as it fully set forth herein.

83. Plaintiffs own valid state registrations over the State Marks. See *Exhibit B*.

84. Defendant's use of the State Marks, or any colorable imitation thereof, constitutes trademark infringement pursuant to N.J Stat. § 56:3 13.16.

85. Defendant knowingly and willfully used and continues to use the State Marks despite its knowledge of Plaintiff's prior rights thereto and in defiance of Plaintiff's cease and desist letter.

86. Defendant's use confusingly similar names/terms to the State Marks has caused and is likely to cause consumer confusion and Plaintiffs have received notification of actual confusion from multiple sources regarding Defendant's unlawful use.

87. Plaintiffs have been damaged and will continue to be damaged by Defendant's unlawful use of confusingly similar terms/names to the State Marks, which injury consists of, without limitation, monetary loss and irreparable injury to Plaintiff's goodwill.

88. Plaintiffs are informed and believe, and on that basis allege, that Defendant's infringement of the State Marks is ongoing and will continue unless enjoined by this Court.

89. There is no plain, speedy or adequate remedy at law, and unless Defendant is enjoined from any further use the State Marks, including the terms "Smalls" and "Play" or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive in relation to the State Marks, Plaintiffs will be irreparably harmed.

90. As a result, Plaintiffs have suffered, and continue to suffer, irreparable injury and are entitled to a permanent injunction and have incurred and are entitled to recover monetary damages in an amount to be determined at trial, as well as exemplary damages, attorney's fees and costs of the action due to Defendant's willful bad acts.

### SIXTH CLAIM FOR RELIEF
**Unjust Enrichment**

91. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

92. Defendant has unfairly and unlawfully used confusingly similar names or terms to the Small Town® Trademark and State Marks for Defendant's own enrichment. Defendant traded on Plaintiffs' good name and goodwill, and it did so while knowing that it had no right to the Marks.

93. If Defendant is permitted to continue to exercise claims of ownership over the Marks or to interfere with Plaintiff's lawful claims of ownership over its trademarks, Defendant will be unjustly enriched at Plaintiffs' expense.

94. As a result, Plaintiffs have suffered, and continue to suffer, irreparable injury and are entitled to a permanent injunction and have incurred and are entitled to recover monetary damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
**Tortious Interference with Prospective Economic Advantage**

95. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

96. With knowledge of the Marks and related information, and the existence of relationships between customers and the Plaintiffs, Defendant has tortuously interfered with Plaintiffs' prospective economic advantage.

97. Defendant has wrongfully drafted off of the Marks, and Plaintiffs' reputation, and goodwill to unfairly compete, to interfere with Plaintiffs' relationships with their customers and consumers, and to deprive Plaintiffs of sales and business that would have been available to them.

98. These acts were committed with the intent to injure Plaintiffs' current and future business expectancies with customers and consumers by diverting business, damaging Plaintiffs' reputation, and interfering with the goodwill associated with the Small Town brand.

## JURY DEMAND

99. Plaintiff demands a trial by jury of all claims.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant as follows:

I.  That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, division, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

   A. Using the Marks or any colorable imitation thereof, including the terms "Smalls" and "Play," whether separately or in combination with other terms, or any other mark, the use of which is likely to cause confusion, or to cause mistake, or to deceive;

    B. Using, in connection with the offering for sale or sale of any services and/or products, any false designation, description or representation stating or implying that Plaintiffs are the origin of, has authorized, or is connected with such services or goods;

    C. Take all steps necessary to remove the Marks or any other name, mark or symbol likely to cause confusion with Plaintiffs', from any packaging, signage, advertisements, internet listings and/or advertisements, buildings or real estate, or any other materials printed or to be printed or distributed (including internet distribution); and

II. That Plaintiffs obtain and/or recovers:

    A. An accounting and restitution of any profits the Defendant has gained through the use of the Small Town® Trademark, pursuant to 15 U.S.C. § 1117;

    B. All compensatory damages pled and proved in an amount to be determined at trial pursuant to 15 U.S.C. § 1117;

    C. Damages for willful infringement pursuant to Title 15 U.S.C. § 1117 plus punitive damages in an amount to be determined at trial;

    D. All damages in an amount to be determined at trial pursuant to N.J Stat. § 56:3 13.16 stemming from Defendant's infringement on Plaintiff's State Marks;

    E. Damages according to the Common Law of the State of New Jersey;

    F. An order granting immediate, temporary, preliminary, and permanent injunctive relief necessary to prevent Defendant's continued violation of Plaintiff's Small Town® Trademarks, and to prevent the irreparable harm that would flow to Plaintiffs from such interference;

    G. Attorneys' fees and costs in the suit herein; and

    H. Such other and further relief as this Court may seem just and proper.

Dated: August 4, 2025

Respectfully submitted,
**EINBINDER & DUNN, LLP**
*Attorneys for Plaintiffs*

/s/ Kenneth L. Leiby, Jr.
Kenneth L. Leiby, Jr.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Kenneth L. Leiby, Jr., certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2025

/s/Kenneth L. Leiby, Jr.
Kenneth L. Leiby, Jr.